UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEY JAMES HARRIS, et al., <br> Plaintiffs, <br> v. <br> CITY OF CLEARLAKE, et al., <br> Defendants. | Case No.17-cv-05126-YGR <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 2 |

Now before the Court is *pro se* plaintiff Smiley James Harris' and plaintiff Church of the Greater Faith & Redemption d.b.a. Harris Enterprises, LLC.'s motion for a preliminary injunction to prevent the City of Clearlake from "unlawfully restricting the religious activities of the Church of the Greater Faith and Redemption."[1] (Dkt. No. 2.) Although the motion does not specify precisely the conduct to be enjoined, it appears from the Complaint, (Dkt. No. 1, Complaint), and motion for preliminary injunction that plaintiff seeks to prevent defendants from obtaining a warrant to eradicate several marijuana plants growing on the property of non-party Dwayne Yiggins, Jr. (the "Property"). Having carefully considered the pleadings, the papers submitted on this motion, and for the reasons set forth below, the Court **DENIES** the motion.[2]

**I. BACKGROUND**

Plaintiff Smiley Harris is the founder, administrator, and senior right reverend for the

---

[1] As organizations cannot be represented by non-lawyers, *In re America West Airlines,* 40 F.3d 1058, 1059 (9th Cir. 1994) (*per curiam*), the Court considers this petition only on behalf of Mr. Smiley himself. *See* Section II.A herein.

[2] Defendants filed a request for judicial notice of City of Clearlake Ordinance No. 197-2017 and the summons documents served on the City of Clearlake in this case. (Dkt. No. 7.) In light of the non-opposition to either, the Court **GRANTS** the request but does not accept the truth of any matters asserted in the documents. The Court gives such documents their proper evidentiary weight.

Church of the Greater Faith & Redemption (the "Church"). (Complaint ¶¶ 7-8.) According to the Complaint, the Church is a religious organization which operates under the name Harris Enterprises, LLC. (*Id*. ¶ 6.) Plaintiff avers that the Church "cultivate[s] cannabis for sacrament." (*Id*. ¶ 14).

In March 2017, "Plaintiff entered into a contract with Dwayne L. Yiggins, Jr. so that the Church could make sure of Mr. Yiggins' land for Church activities, which apparently include the cultivation of cannabis. (*Id*. ¶ 23.) On July 18, 2017, Yiggins became aware of an administrative citation on the Property for "ordinance violations pertaining to the restrictions placed on the cultivation of Medical marijuana," namely City Municipal Code subsections 18-9.070(a) (failure to obtain a permit for personal marijuana cultivation), (b) (illegal outdoor cultivation of marijuana in an areas larger than 100 square feet), (d) (lack of enclosed cultivation site), and (g) (cultivation of more than six living marijuana plants). (*Id*. ¶ 25.) Harris alleges that he attempted to contact defendants City Manager Greg Folsom and Code Enforcement Officer Steve Felder via telephone that same day, but was informed that both were unavailable. (*Id*. ¶ 26.) The following day, Felder allegedly returned the call and stated that "he intended to seek a warrant to suspend the Church's activities [*destroy its plants*] if the Church did not comply with the "***Administrative Citation, Illegal Cultivation of Marijuana***" notice." (*Id*. ¶ 28 (emphasis and brackets in original).) In response, this lawsuit ensued on September 1, 2017.

## II. DISCUSSION

### A. Church of the Greater Faith & Redemption

Pursuant to 28 U.S.C. 1654, "parties may plead and conduct their own cases personally." However, "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re America West Airlines,* 40 F.3d at 1059; *Church of the New Testament v United States,* 783 F. 2d 771, 773 (9th Cir. 1986) (finding that plaintiff Church was an "unincorporated association which must appear though an attorney"); *Lattanzio v. COMTA,* 481F.3d137, 139-40 (2d Cir. 2007) (applying rule to Limited Liability Corporations). Similarly, Civil Local Rule 3-9(b) provides that a "corporation, unincorporated association, partnership, or other such entity may appear only through a member of the bar of this court."

Here, the Church of The Greater Faith & Redemption is a trade name for Harris Enterprises LLC, a Limited Liability Corporation. Smiley Harris, who is not a licensed attorney and acting *pro se*, purports to represent the Church in this matter. This is improper under Ninth Circuit case law and the local rules of this district. For this reason, the motion is **DENIED** as to the Church.

### B. Claims of Smiley Harris

A preliminary injunction is an extraordinary remedy, which should be granted only in limited circumstances and where the merits of the case plainly favor one party over the other. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Court assess four factors when considering motions for a preliminary injunction, namely whether: (1) the moving party has demonstrated that it is likely to succeed on the merits; (2) the moving party will suffer irreparable injury if the relief is denied; (3) the balance of the hardships favor the moving party; and (4) the public interest favors granting relief. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). The plaintiff must make a threshold showing of likelihood of success on the merits and irreparable harm, but a stronger showing on one element may offset a weaker showing on another. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–33 (9th Cir. 2011). The Court addresses each.

#### 1. Likelihood of Success on the Merits

The burden of showing a likelihood of success on the merits is "placed on the party seeking to demonstrate entitlement to the extraordinary remedy of a preliminary injunction at an early stage of the litigation, before the defendant has had the opportunity to undertake extensive discovery or develop its defenses." *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 714 *opinion amended on reh'g*, 508 F.3d 1146 (9th Cir. 2007). The Court finds that Harris has not satisfied this burden.

Harris alleges four causes of action for religious discrimination against the City of Clearlake, Greg Folsom, Steve Felder, and an unspecified number of DOE defendants. (Complaint ¶¶ 33-44.) "The Free Exercise Clause of the First Amendment, which has been made applicable to the States by incorporation into the Fourteenth Amendment, provides that 'Congress

shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . .'" *Employment Div., Dep't of Human Res. of Oregon v. Smith,* 494 U.S. 872, 876–77 (1990) (quoting U.S. Const., Amdt. 1). Under the Free Exercise Clause, the "government may not compel affirmation of religious belief, punish the expression of religious doctrines it believes to be false, impose special disabilities on the basis of religious views or religious status, or lend its power to one or the other side in controversies over religious authority or dogma." *Id*. (Internal citations omitted). However, the Supreme Court has "consistently held that the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability.'" *Id*. at 879 (quoting *United States v. Lee,* 455 U.S. 252, 263, n.3; *see also Minersville School Dist. Bd. of Ed. v. Gobitis,* 310 U.S. 586, 595 (collecting cases)). The only "decisions in which [the Supreme Court has] held that the First Amendment bars application of a neutral, generally applicable law to religiously motivated action have involved not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional protections, such as freedom of speech and of the press." *Id.* at 880. (Internal citations omitted).

Here, Harris avers that his free exercise of religion is being violated by (i) defendants' serving of an administrative citation for "ordinance violations pertaining to the restrictions placed on the cultivation of Medical marijuana," and (ii) Felder's representation that he intends to seek a warrant to suspend certain Church activities if the Church did not comply with Section 18-9.070. (*Id*. ¶¶ 25, 28.) However, the Complaint fails to indicate *how* defendants' conduct "unduly burdens the free exercise of religion." *Wisconsin v. Yoder*, 406 U.S. 205, 220 (1972). Put differently, Harris fails to allege how defendants' conduct infringes on his right to use marijuana in religious sacrament. For example, he does not allege that the challenged conduct prevents him from using marijuana in sacrament, or that Harris has been prohibited from cultivating marijuana for such use in a manner that satisfies the requirements of Section 18-9.070.

Further, defendants' conduct arises from plaintiff's failure to comply with Section 18-9.070 which is a "neutral law of general applicability" that sets various permitting, enclosure and spatial restrictions on the cultivation of marijuana. *See Smith*, 494 U.S. at 879. As discussed above, "the right of free exercise does not relieve [Harris] of the obligation to comply with" such a

4

statute. *Id*. Therefore, the Court finds that plaintiff has not shown a likelihood of success on the merits.

### 2. Likelihood of Irreparable Injury

To obtain a preliminary injunction, Harris must "demonstrate a likelihood of irreparable injury," more than a mere possibility. *Winter*, 555 U.S. at 21. To establish a likelihood of irreparable harm, conclusory or speculative allegations are not sufficient. *Herb Reed*, 736 F.3d at 1250 (holding that pronouncements "grounded in platitudes rather than evidence" are insufficient); *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (holding that "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction" and adding that a "plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief" (emphasis in original)).

Here, Harris has not demonstrated that absent an injunction he will suffer irreparable injury. As an initial matter, most of the harm alleged in the Complaint appears to pertain to the Church which is not properly represented in this matter, rather than to Smiley Harris. (*See e.g.,* Complaint ¶ 28 ("Felder stated that he intended to seek a warrant to suspend the Church's activities . . . .") Additionally, as discussed above, Harris has not shown that defendants' enforcement of Section 18-9.070 will prevent Harris from using marijuana in sacrament. For example, the ordinance permits Harris to cultivate six living marijuana plants subject to permitting, enclosure and spatial restrictions. Harris has not shown that six plants are insufficient to meet his personal religious needs, or that he cannot obtain marijuana plants to satisfy his religious needs through other means. Therefore, plaintiff has not shown a likelihood of irreparable harm.

Given that plaintiff cannot satisfy even two of the four prongs required for relief, the Court need not address the remaining two. Accordingly, the motion for a preliminary injunction is **DENIED**.

### III. CONCLUSION

As discussed above, the Court **DENIES** the motion on the grounds that (i) the Church is not properly represented, and Harris has not shown a likelihood of (ii) success on the merits or (iii)

5

irreparable injury.

This terminates Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: October 10, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge