UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEY JAMES HARRIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CLEARLAKE, et al., <br><br> Defendants. | Case No.17-cv-05126-YGR <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION.** <br><br> Re: Dkt. Nos. 16, 18 |

*Pro se* plaintiff Smiley James Harris and plaintiff Church of the Greater Faith & Redemption d.b.a. Harris Enterprises, LLC bring this action against defendants the City of Clearlake (the "City"); Mayor Russell Perdock; Vice Mayor Bruno Sabatier; City Council members Nick Bennett, Phil Harris, and Joyce Overton; City Manager Greg Folsom; Code Enforcement Officer Steve Felder; and an unspecified number of unnamed defendants alleging six counts of religious discrimination under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000cc, and 2000d(7); and various California Constitutional and Civil Code provisions. (Dkt. No. 14, Amended Complaint ("AC").) Specifically, Harris alleges failure to train subordinates as against Perdock (Count 1), Folsom (Count 2), and Sabatier (Count 4); and violations of § 2000cc as against Fielder (Count 3), Perdock, Sabatier, Bennett, Harris, Overton (Count 5), and the DOE defendants (Count 6). Defendants move to dismiss all counts alleged in the AC. (Dkt. No. 18, Motion to Dismiss First Amended Complaint ("MTD").)

Also before the Court is plaintiff's second motion for a preliminary injunction. (Dkt. No.

16, "Second Motion for PI".) Although plaintiff's Second Motion for PI does not specify precisely the conduct to be enjoined, it appears from the AC and the second motion for a preliminary injunction that plaintiff seeks to prevent defendants from obtaining a warrant to eradicate several marijuana plants growing on the property of non-party Dwayne Yiggins, Jr. (the "Property").

Having carefully considered the pleadings and the arguments of the parties, the Court hereby **GRANTS** defendants' motion to dismiss with leave to file an amended complaint which sets forth (i) the legal basis for (ii) each of plaintiff's claims as (iii) against each defendant, (iv) supported by sufficient factual allegations as described below.[1] Further, the Court **DENIES** plaintiff's Second Motion for PI.

## I. BACKGROUND

The facts underlying this case were set forth previously in this Court's order denying Harris' first motion for a preliminary injunction. (Dkt. No. 12, Order Denying First Motion for PI at 1-2.) In short, Smiley Harris alleges he is the founder, administrator, and senior right reverend for the Church of the Greater Faith & Redemption (the "Church"). (AC ¶¶ 7-8.) According to the AC, the Church is a religious organization which operates under the name Harris Enterprises, LLC. (*Id.* ¶ 6.) Plaintiff avers that the Church "cultivate[s] cannabis for sacrament." (*Id.* ¶ 21).

In March 2017, "Plaintiff entered into a contract with Dwayne L. Yiggins, Jr. so that the Church could make sure of Mr. Yiggins' land for Church activities" which include the cultivation of cannabis. (*Id.* ¶ 28.) On July 18, 2017, Yiggins became aware of an administrative citation on the Property for "ordinance violations pertaining to the restrictions placed on the cultivation of Medical marijuana," namely City Municipal Code subsections 18-9.070(a) (failure to obtain a permit for personal marijuana cultivation), (b) (illegal outdoor cultivation of marijuana in an areas larger than 100 square feet), (e) (lack of enclosed cultivation site), and (g) (cultivation of more than six living marijuana plants). (*Id.* ¶ 30.) Harris alleges that he attempted to contact defendants

---

[1] In light of the Court's ruling, the Court declines to exercise jurisdiction over plaintiff's state law claims at this juncture. *See United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966)*; Ayala v. United States,* 550 F.2d 1196, 1997 (9th Cir. 1977).

2

1   City Manager Greg Folsom and Code Enforcement Officer Steve Felder via telephone that same
2   day, but was informed that both were unavailable. (*Id*. ¶ 31.) The following day, Felder allegedly
3   returned the call and stated that "he intended to seek a warrant to suspend the Church's activities
4   [*destroy its plants*] if the Church did not comply with the "***Administrative Citation, Illegal***
5   ***Cultivation of Marijuana***" notice." (*Id*. ¶ 33 (emphasis and brackets in original).)

In response, plaintiff filed a motion for a preliminary injunction on September 1, 2017, alleging four counts of religious discrimination. (Dkt. No. 2, "First Motion for PI".) On October 10, 2017, this Court denied plaintiff's First Motion for PI on the grounds that Harris failed to show (i) likelihood of success on the merits or (ii) irreparable injury. (Order Denying First Motion for PI at 3–5.) On October 24, 2017, plaintiff filed a second motion for a preliminary injunction which largely rehashes the same facts and arguments raised in his first motion. The only substantive difference between the two motions appears to be that the first motion references four provisions of City Municipal Code 18-9.070, namely subsections (a), (b), (e), and (g); whereas the second motion names additional defendants and references only subsection (e) which restricts the cultivation of marijuana to an enclosed cultivation site no larger than 10'x10'. (*Compare* First Motion for PI at 4 *with* Second Motion for PI at 1-2.) Defendants filed a motion to dismiss the AC on November 7, 2017.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere

1  possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and
2  unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355
3  F.3d 1179, 1183 (9th Cir. 2004).

**III. DISCUSSION**

    **A. Motion to Dismiss**

        **1. Claims of Church of the Greater Faith & Redemption**

Pursuant to 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally." However, "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re America West Airlines,* 40 F.3d 1058, 1059 (9th Cir. 1994); *Church of the New Testament v United States,* 783 F. 2d 771, 773 (9th Cir. 1986) (finding that plaintiff Church was an "unincorporated association which must appear though an attorney"); *Lattanzio v. COMTA,* 481 F.3d 137, 139-40 (2d Cir. 2007) (applying rule to LLCs). Similarly, Civil Local Rule 3-9(b) provides that a "corporation, unincorporated association, partnership, or other such entity may appear only through a member of the bar of this court."

Here, the Church of The Greater Faith & Redemption is a trade name for Harris Enterprises LLC, a Limited Liability Corporation. Smiley Harris, who is not a licensed attorney and acting *pro se*, purports to represent the Church in this matter. This is improper under Ninth Circuit case law and the local rules of this district. For this reason, the motion to dismiss is **GRANTED** with prejudice as to the Church.

        **2. Claims of Smiley Harris**

            a. Religious Discrimination (First Amendment)

Harris alleges six causes of action for religious discrimination. (AC ¶¶ 38-55.) "The Free Exercise Clause of the First Amendment, which has been made applicable to the States by incorporation into the Fourteenth Amendment, provides that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'" *Employment Div., Dep't of Human Res. of Oregon v. Smith,* 494 U.S. 872, 876–77 (1990) (quoting U.S. Const., Amdt. 1). Under the Free Exercise Clause, the "government may not compel affirmation of religious belief, punish the expression of religious doctrines it believes to be false, impose special

disabilities on the basis of religious views or religious status, or lend its power to one or the other side in controversies over religious authority or dogma." *Id*. (Internal citations omitted.) However, the Supreme Court has "consistently held that the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability.'" *Id*. at 879 (quoting *United States v. Lee,* 455 U.S. 252, 263, n.3 (1982)); *see also Minersville School Dist. Bd. of Ed. v. Gobitis,* 310 U.S. 586, 595 (1940) (collecting cases). The only "decisions in which [the Supreme Court has] held that the First Amendment bars application of a neutral, generally applicable law to religiously motivated action have involved not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional protections, such as freedom of speech and of the press." *Id.* at 880. (Internal citations omitted.)

Here, Harris appears to claim that his free exercise of religion is being violated by (i) defendants' serving of an administrative citation for "ordinance violations pertaining to the restrictions placed on the cultivation of Medical marijuana," and (ii) Felder's representation that he would seek a warrant to suspend certain Church activities if the Church failed to comply with Section 18-9.070. (AC ¶¶ 30, 33.) However, the AC fails to indicate *how* defendants' conduct "unduly burdens the free exercise of religion." *Wisconsin v. Yoder*, 406 U.S. 205, 220 (1972). Put differently, Harris fails to allege how defendants' conduct infringes on his right to use marijuana as part of a religious sacrament. For example, he does not allege that the challenged conduct prevents him from using marijuana as part of a sacrament, or that Harris has been prohibited from cultivating marijuana for such use in a manner that satisfies the requirements of Section 18-9.070.

Further, defendants' conduct arises from plaintiff's failure to comply with Section 18-9.070 which is a "neutral law of general applicability" that sets various permitting, enclosure and spatial restrictions on the cultivation of marijuana generically. *See Smith*, 494 U.S. at 879. As discussed above, "the right of free exercise does not relieve [Harris] of the obligation to comply with" such a facially objective statute. *Id*. Therefore, the Court finds that plaintiff's allegations are insufficient to raise an inference that his free exercise of religion has been violated. Therefore, the motion to dismiss is **GRANTED** as to all claims with leave to file a second amended complaint which alleges facts sufficient to show the manner in which defendants' conduct prevents Harris

from using marijuana as part of a religious sacrament.

### b. Fourth Amendment

The Fourth Amendment protects individuals against unreasonable searches and seizures. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1997); *Graham v. Connor,* 490 U.S. 386, 394 (1989). To determine whether an officer's search or seizure was reasonable under the Fourth Amendment, courts look to the totality of the circumstances. *Graham*, 490 U.S. at 396. Here, plaintiff fails to allege facts which give rise to a plausible inference that defendants conducted an unreasonable search of the Property. This provides an additional basis to **GRANT** defendants' motion to dismiss to the extent that Harris' claims are brought pursuant to the Fourth Amendment. The Court **GRANTS** Harris leave to file a second amended complaint which alleges facts sufficient to show that defendants' search was unreasonable under the Fourth Amendment.

### c. Fourteenth Amendment

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing *Washington v. Davis,* 426 U.S. 229, 239-40 (1976)). Here, Harris' conclusory allegations that defendants discriminated against him and his religion are insufficient to raise an inference of intent or purpose to discriminate. *See Iqbal,* 556 U.S. at 678–79. Such failure provides yet another basis to **GRANT** defendants' motion to the extent that Harris' claims are brought pursuant to the Fourteenth Amendment. The Court **GRANTS** Harris leave to file a second amended complaint which alleges facts sufficient to show that defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v*, 152 F.3d at 1195.

### d. 42 U.S.C. § 1981

The Supreme Court has held that Section 1981 "has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race.'" *Domino's Pizza, Inc. v.McDonald,* 546 U.S. 470, 474, (2006) (quoting 42 U.S.C. § 1981). Here, Harris alleges that he entered into a contract with Yiggins so

that the Church could make use of Yiggins' land. (AC ¶ 28.) However, Harris does not allege that defendants violated Harris' right to contract *without respect to race*. Thus, defendants' motion is **GRANT** with leave to amend to the extent that Harris' claims are brought pursuant to Section 1981.

e. 42 U.S.C. § 1983

The Supreme Court has held that local governments are "persons" under Section 1983 subject to liability for damages where "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). *Monell* rejects government liability based on the doctrine of *respondeat superior*. Thus, a municipality may not be held vicariously liable for the unconstitutional acts of its employees on the basis of an employer-employee relationship with the tortfeasor. *Id*. at 691–92. Instead, under *Monell*, government liability only attaches when the constitutional injury results from the implementation or "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id*. at 694

Here, plaintiff fails to allege facts supporting a reasonable inference that Harris' purported constitutional injury arises from the "executions of a [City] policy or custom." *Id*. Accordingly, the Court **GRANTS** defendants' motion as to Harris' § 1983 claim against the City with leave to file a second amended complaint which alleges facts sufficient to show that the City's conduct was executed pursuant to a policy or custom.

f. 42 U.S.C. §§ 1985(3) and 1986

"To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 828-29 (1983)). A "cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pedersen,* 769 F.2d 1398, 1403 (9th Cir. 1985).

7

Here, Harris fails to allege any of the four required elements under Section 1985 and the claim thus fails. In turn, plaintiff's claim under Section 1986 fails because Harris has not alleged the necessary predicate violation of Section 1985. *Id.* Accordingly, the Court **GRANTS** defendants' motion to the extent that Harris' claims are brought pursuant to §§ 1985 and 1986 with leave to file a second amended complaint which alleges facts sufficient to support the elements described above.

### g. 42 U.S.C. § 2000cc

Under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, a plaintiff "bears the burden of persuasion on whether the zoning laws, or the City's application of those laws to [plaintiff], 'substantially burdens' [plaintiff's] 'exercise of religion.'" *San Jose Christian College v. City of Morgan Hill,* 360 F.3d 1024, 1034-35 (9th Cir. 2004). "To survive a motion to dismiss on [a] RLUIPA claim, [plaintiff] must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of [plaintiff's] religious beliefs." *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1125 (9th Cir. 2013). The Ninth Circuit has held that "for a land use regulation to impose a 'substantial burden,' it must be 'oppressive' to a 'significantly great' extent." *San Jose Christian College,* 360 F.3d at 1034.

Harris fails to satisfy this burden as he has not alleged facts sufficient to show that his exercise of religion was burdened by City Municipal Code § 18-9.070, or that defendants' application of the same to Harris was "oppressive to a significantly great extent." *Id.* (Internal quotations omitted.) Therefore, the Court **GRANTS** defendants' motion to the extent that Harris' claims are brought pursuant to § 2000cc, *et seq.*, with leave to file a second amended complaint which alleges facts sufficient to support a plausible inference that the City's ordinance or defendants' application of such ordinance substantially burdens Harris' free exercise of religion to a significantly great extent.

### h. 42 U.S.C. § 2000d(7)

42 U.S.C. "prohibits racial discrimination in programs that receive federal funding." *Challa Ready Mix, Inc. v. Civish,* 382 F.3d 969, 977 (9th Cir. 2004). Plaintiffs make no specific

factual allegations supporting a claim that defendants intentionally discriminated against Harris on the basis of race, or in relation to any programs receiving federal funding. Accordingly, the Court **GRANTS** defendants' motion to the extent that Harris' claims are brought pursuant to § 2000d(7) with leave to file a second amended complaint which alleges facts showing discrimination on the basis of race or in relation to a program receiving federal funding.

### B. Motion for Preliminary Injunction

The Court finds that plaintiff's Second Motion for PI is more properly aptly addressed as a motion for reconsideration because the basis for Mr. Harris' Second Motion for PI, namely that defendants' application of Municipal Code subsection 18-9.070(e) violates Mr. Harris' free exercise of religion, is identical to one of the four Municipal Code subsections which Mr. Harris challenged on the same ground in his First Motion for PI. (*See* First Motion for PI at 4 (Municipal Code subsections 18-9.070(a), (b), (e) and (g)); Second Motion for PI at 1-2, 4 (Municipal Code subsection 18-9.070(e) only).)

Under Federal Rule of Civil Procedure 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Pursuant to Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." This Court has not granted plaintiff leave to file a motion for reconsideration nor has plaintiff satisfied the standard set forth by the Ninth Circuit. Specifically, plaintiff makes no showing of newly discovered evidence; clear error or manifest injustice; or an intervening change in controlling law. Accordingly, the Court **DENIES** plaintiff's motion for a preliminary injunction. (Dkt. No. 16.)

### 2. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss the AC with leave to file an amended complaint as described above, and **DENIES** with prejudice plaintiff's second motion for preliminary injunction. Plaintiff shall file a second amended complaint by **January 16, 2018**. Failure to timely file will result in a dismissal with prejudice.

9

This terminates Dkt. Nos. 16 and 18.

**IT IS SO ORDERED.**

Dated: December 12, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**