UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEY JAMES HARRIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CLEARLAKE, et al.,<br><br>Defendants. | Case No.17-cv-05126-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING PLAINTIFF'S THIRD MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 39, 44 |

*Pro se* plaintiff Smiley James Harris brings this action against defendants the City of Clearlake (the "City"); Mayor Russell Perdock; Vice Mayor Bruno Sabatier; City Council members Nick Bennett, Phil Harris, and Joyce Overton; City Manager Greg Folsom; Code Enforcement Officer Steve Felder; and an unspecified number of unnamed defendants alleging six counts of religious discrimination under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000cc, and 2000d(7); and various California Constitutional and Civil Code provisions. (Dkt. No. 38, Second Amended Complaint ("SAC").) Specifically, Harris alleges failure to train subordinates as against Perdock (Count 1), Folsom (Count 2), and Sabatier (Count 4); and violations of § 2000cc as against Fielder (Count 3), Perdock, Sabatier, Bennett, Harris, Overton (Count 5), and the DOE defendants (Count 6). Defendants move to dismiss all counts alleged in the SAC. (Dkt. No. 45.)

Also before the Court is plaintiff's third motion for a preliminary injunction to prevent defendants from obtaining a warrant to eradicate several marijuana plants growing on the property of non-party Dwayne Yiggins, Jr. (the "Property"). (Dkt. No. 39, "Third PI Motion".) Having

carefully considered the pleadings and the arguments of the parties, the Court hereby **GRANTS** defendants' motion to dismiss plaintiff's SAC[1] and **DENIES** plaintiff's Third PI Motion.

## I. BACKGROUND

The facts underlying this case were set forth previously in this Court's prior orders dated October 10, 2017, and December 5, 2015. (Dkt. No. 12, "Order Re: First PI Motion" at 1-2; Dkt. No. 36, "Order Re: Second PI Motion and MTD" at 2-3.)

In short, Smiley Harris alleges he is the founder, administrator, and senior right reverend for the Church of the Greater Faith & Redemption (the "Church"). (SAC ¶¶ 7-8.) According to the SAC, the Church is a religious organization which operates under the name Harris Enterprises, LLC. (*Id*. ¶ 6.) Plaintiff avers that the Church "cultivate[s] cannabis for sacrament." (*Id*. ¶ 21.)

In March 2017, "Plaintiff entered into a contract with Dwayne L. Yiggins, Jr. so that the Church could make use of Mr. Yiggins' land for Church activities" which include the cultivation of cannabis. (*Id*. ¶ 28.) On July 18, 2017, Yiggins became aware of an administrative citation on the Property for "ordinance violations pertaining to the restrictions placed on the cultivation of Medical marijuana," namely City Municipal Code subsections 18-9.070(a) (failure to obtain a permit for personal marijuana cultivation), (b) (illegal outdoor cultivation of marijuana in an areas larger than 100 square feet), (e) (lack of enclosed cultivation site), and (g) (cultivation of more than six living marijuana plants). (*Id*. ¶ 30.) Harris alleges that he attempted to contact defendants City Manager Greg Folsom and Code Enforcement Officer Steve Felder via telephone that same day, but was informed that both were unavailable. (*Id*. ¶ 31.) The following day, Felder allegedly returned the call and stated that "he intended to seek a warrant to suspend the Church's activities [*destroy its plants*] if the Church did not comply with the "***Administrative Citation, Illegal Cultivation of Marijuana***" notice." (*Id*. ¶ 33 (emphasis and brackets in original).)

In response, plaintiff filed a motion for a preliminary injunction on September 1, 2017, alleging four counts of religious discrimination. (Dkt. No. 2, "First PI Motion".) On October 10,

---

[1] In light of the Court's ruling, the Court declines to exercise jurisdiction over plaintiff's state law claims. *See United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966)*; Ayala v. United States,* 550 F.2d 1196, 1997 (9th Cir. 1977).

2

2017, this Court denied that motion on the grounds that Harris failed to show (i) likelihood of success on the merits or (ii) irreparable injury. (Order Re: First PI Motion. at 3–5.) On October 24, 2017, plaintiff filed an amended complaint and second motion for a preliminary injunction. (Dkt. No. 16, Amended Complaint ("AC").) Defendants filed a motion to dismiss the amended complaint on November 7, 2017. (Dkt. No. 18.) In a ten-page order dated December 12, 2017, this Court granted defendants' motion to dismiss the AC with "leave to file an amended complaint which sets forth (i) the legal basis for (ii) each of plaintiff's claims as (iii) against each defendant, (iv) supported by sufficient factual allegations as described" therein. (Order Re: Second PI and MTD at 1–2, 4–9.)

The Court further denied plaintiff's second motion for a preliminary injunction on the ground that plaintiff's motion was "more properly aptly addressed as a motion for reconsideration" and plaintiff made "no showing of newly discovered evidence; clear error or manifest injustice; or an intervening change in controlling law" as required under Fed. R. Civ. Pro. 54(b). (*Id*. at 9.)

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

3

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Religious Discrimination (First Amendment)

Harris alleges six causes of action for religious discrimination. (SAC ¶¶ 38-55.) This Court previously granted defendants' motion to dismiss Harris' claims for religious discrimination with leave to file a SAC "which alleges facts sufficient to show the manner in which defendants' conduct prevents Harris from using marijuana as part of a religious sacrament." (Order Re: Second PI Motion and MTD at 4-6.)

The Court finds that Harris' SAC contains no new allegations regarding "the manner in which defendants' conduct prevents Harris from using marijuana as part of a religious sacrament." Rather, he has regurgitated the allegations from his original Complaint and AC verbatim. (*Compare e.g.*, Dkt. No. 1, Complaint ¶¶ 26–32; AC ¶¶ 31–37; SAC ¶¶ 31–37.) In light of Harris' failure to allege such facts in the SAC, the Court **GRANTS** defendants' motion to dismiss the SAC as to Harris' claims for religious discrimination. Accordingly, Harris' religious discrimination claims are **DISMISSED WITH PREJUDICE.**

#### 2. Fourth Amendment

In this Court's Order Re: Second PI and MTD, the Court granted Harris "leave to file a second amended complaint which alleges facts sufficient to show that defendants' search was unreasonable under the Fourth Amendment." (Order Re: Second PI and MTD at 6.) The Court finds that the SAC contains no additional allegations regarding defendants' search of the Property. Because Harris fails to allege such facts in the SAC, the Court **GRANTS** defendants' motion as to Harris' Fourth Amendment claim. Accordingly, Harris' Fourth Amendment claim is **DISMISSED WITH PREJUDICE.**

#### 3. Fourteenth Amendment

The Court previously granted defendants' motion to dismiss Harris' Fourteenth Amendment claim with leave to "file a second amended complaint which alleges facts sufficient to show that defendants 'acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" (*Id*. at 6 (quoting *Barren v. Harrington*, 152 F.3d 1193,

4

1195 (9th Cir. 1998).) The Court finds that Harris' SAC contains no new allegations which support an inference that defendants acted with an "intent or purpose to discriminate" against plaintiff. Therefore, the Court **GRANTS** defendants' motion to dismiss the SAC as to Harris' Fourteenth Amendment claim. Accordingly, Harris' Fourteenth Amendment claim is **DISMISSED WITH PREJUDICE.**

4. 42 U.S.C. § 1981

In this Court's Order Re: Second PI and MTD, the Court allowed Harris to file a SAC which alleges facts sufficient to raise a plausible inference that that defendant violated Harris' right to contract without respect to race. (*Id*. at 6-7.) Because the SAC fails to allege such facts, Harris' claim under 42 U.S.C. § 1981 is **DISMISSED WITH PREJUDICE.**

5. 42 U.S.C. § 1983

This Court previously granted defendants' motion to dismiss Harris' § 1983 claim against the City with leave to file a second amended complaint which alleges facts sufficient to show that the City acted pursuant to a policy or custom. (*Id*. at 7.) The Court finds that the SAC fails to allege facts which indicate a policy or custom. Therefore, the § 1983 claim is **DISMISSED WITH PREJUDICE.**

6. 42 U.S.C. §§ 1985(3) and 1986

In this Court's Order Re: Second PI and MTD, the Court granted Harris leave to file a SAC which alleges facts showing that defendants engaged in "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." (*Id*. at 7-8 (quoting *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotations omitted).)

Here, Harris fails to allege any of the four required elements under Section 1985 and the claim thus fails. In turn, plaintiff's claim under Section 1986 fails because Harris has not alleged the necessary predicate violation of Section 1985. (*See id*.) Accordingly, the Court **GRANTS** defendants' motion to dismiss with regard to Harris' claims pursuant to §§ 1985 and 1986 and

5

these claims are **DISMISSED WITH PREJUDICE.**

### 7. 42 U.S.C. § 2000cc

This Court previously stated that to survive a motion to dismiss with regard to a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, plaintiff "must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of [plaintiff's] religious beliefs." (*Id*. at 8 (quoting *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1125 (9th Cir. 2013) (internal quotations omitted).) Further, the Court highlighted that "for a land use regulation to impose a 'substantial burden,' it must be 'oppressive' to a 'significantly great' extent." (*Id.* (quoting *San Jose Christian College,* 360 F.3d at 1034).)

In this Court's Order Re: Second PI and MTD, the Court granted plaintiff "leave to file a second amended complaint which alleges facts sufficient to support a plausible inference that the City's ordinance or defendants' application of such ordinance substantially burdens Harris' free exercise of religion to a significantly great extent." (*Id*.)

The Court finds that Harris' SAC contains no new allegations in support of plaintiff's claim under Section 2000cc. Accordingly, defendants' motion to dismiss the SAC is **GRANTED** and Harris' claims under 42 U.S.C. § 2000cc are **DISMISSED WITH PREJUDICE.**

### 8. 42 U.S.C. § 2000d(7)

In this Court's Order Re: Second PI and MTD, the Court granted plaintiff leave to file a second amended complaint which alleges facts supporting a plausible inference that defendants intentionally discriminated against Harris on the basis of race, or in relation to any programs receiving federal funding. The Court finds that the SAC contains no additional allegations which support Harris' 42 U.S.C. 2000d(7) claim. Therefore, the Court **GRANTS** defendants' motion to the extent that Harris' claims are brought pursuant to § 2000d(7). Accordingly, Harris' claims under 42 U.S.C. 2000d(7) claim are **DISMISSED WITH PREJUDICE.**

### B. Motion for Preliminary Injunction

The Court finds that plaintiff's Third PI Motion is aptly addressed as a motion for reconsideration because the basis for the motion, namely that defendants' application of Municipal

1 Code subsection 18-9.070, is identical to the four Municipal Code subsections which Mr. Harris
2 challenged on the same ground in his First PI Motion. (*Compare* First PI Motion at 4 (Municipal
3 Code subsections 18-9.070(a), (b), (e) and (g)) *with* Third PI Motion at 4 (same); *see also* Second
4 PI Motion at 1-2, 4 (Municipal Code subsection 18-9.070(e) only).)

Under Federal Rule of Civil Procedure 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Pursuant to Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." This Court has not granted plaintiff leave to file a motion for reconsideration nor has plaintiff satisfied the standard set forth by the Ninth Circuit. Specifically, plaintiff makes no showing of newly discovered evidence; clear error or manifest injustice; or an intervening change in controlling law. Accordingly, the Court **DENIES WITH PREJUDICE** plaintiff's Third PI Motion.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Third PI Motion and **GRANTS** defendants' motion to dismiss the SAC. Because the Court has already given plaintiff an opportunity to amend and specifically advised plaintiff of the elements required to state each of the claims asserted against defendants, the Court finds that further amendment would be futile and a waste of judicial and party resources. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (holding that a district court does not err in denying leave to amend where the amendment would be futile or where the amended complaint would be subject to dismissal). Therefore dismissal is **GRANTED WITH PREJUDICE**.

//
//
//
//
//

This terminates Dkt. Nos. 39 and 44.

The Clerk shall enter judgment in favor of defendant and close the file.

**IT IS SO ORDERED.**

Dated: February 1, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**